## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER MATIAS, | |
| Plaintiff, | Case No. 1:25-cv-9156 |
| v. | Hon. Martha M. Pacold, U.S.D.J. |
| ABBOTT LABORATORIES, INC.; ABBOTT POINT OF CARE, INC.; ALLISON SIRCHIO; ABC COMPANIES 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names of presently unidentified individuals), | Hon. Keri L. Holleb Hatling, U.S.M.J. |
| Defendants. | |

## PLAINTIFF'S UNOPPOSED MOTION TO EXTEND THE DISCOVERY DEADLINE

Plaintiff, Roger Matias, by and through his undersigned counsel, respectfully requests that this Honorable Court extend the current fact discovery deadline by forty (40) days to July 8, 2026, and order the Parties to file a joint status report by July 1, 2026, indicating the status of completion of outstanding depositions, the status of settlement discussions, whether the parties request a settlement conference, whether either party intends to engage an expert and produce expert disclosures and/or reports, and proposed schedules for expert discovery and any summary judgment

motions. Defendants consent to the extension required in this Motion. In further support of this Motion, Plaintiff states:

1.      This matter was transferred to this Honorable Court on July 28, 2025, by the United States District Court for the District of New Jersey following Defendants' removal of the action from the Superior Court of New Jersey, before any discovery had been conducted.

2.      The Court set a discovery end date of May 29, 2026.

3.      As indicated in the joint status reports, the parties have engaged in significant written discovery, including exchanging requests for production and supplemental interrogatories, as well as holding Rule 37.2 conferences and correspondence to resolve discovery disputes. The Parties completed written discovery on May 21, 2026, with Plaintiff's receipt of Defendants' response to his deficiency letter and supplemental document production.

4.      Consistent with the Court's direction during oral argument on May 14, 2026, on May 18, 2026, Plaintiff's counsel provided a date for Plaintiff's deposition within the current fact discovery deadline and requested deposition dates for three witnesses: Nidya Blahuta ("Ms. Blahuta"); Allison Sirchio ("Ms. Sirchio"); and Deborah Boskovic ("Ms. Boskovic").

5.      On May 21, 2026, Defendants' counsel advised they could not accommodate Plaintiff's proposed deposition date.

6. The same day, Plaintiff's counsel provided an alternate date for Plaintiff's deposition, June 8, 2026, and Defendants' counsel confirmed.

7. On May 22, 2026, the Parties confirmed the depositions of defense witnesses: Ms. Sirchio on July 8, 2026, Ms. Blahuta on June 23, 2026, and Ms. Boskovic on June 30, 2026.

8. Ms. Sirchio is currently on leave therefore is not available to be deposed earlier than July 8, 2026.

9. The Parties have worked diligently, cooperatively, and successfully to conduct a significant amount of discovery with the hopes of completing discovery by the Court's initial May 29, 2026, discovery end date.

10. Despite their best efforts, however, the Parties were unable to schedule and conduct depositions within the original discovery end date.

11. Accordingly, the Parties respectfully request a brief discovery extension of forty (40) days so that the scheduled depositions may go forward as noticed and agreed upon by the Parties.

12. The parties are confident that, absent exceptional circumstances, all fact discovery will be completed by July 8, 2026. This proposed date accounts for the taking of all outstanding depositions.

13. Plaintiff's counsel conferred with Defendants' counsel who confirmed that Defendants consent to the fact discovery extension requested in this Motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

(a)    extending fact discovery through and until July 8, 2026; and

(b)    requiring the parties to file a joint status report by July 1, 2026, indicating the status of completion of outstanding depositions, the status of settlement discussions, whether the parties request a settlement conference, whether either party intends to engage an expert and produce expert disclosures and/or reports, and proposed schedules for expert discovery and any summary judgment motions.

Respectfully submitted,

/s/ Matthew A. Luber, Esq.
Matthew A. Luber, Esq. (*pro hac vice*)
mal@njlegal.com
Natalie M. LaRosa, Esq. (*pro hac vice*)
nml@njlegal.com
MCOMBER MCOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 400
Marlton, New Jersey 08053
(856) 985-9800

Alejandro Caffarelli, Esq.
acaffarelli@caffarelli.com
Alexis Martin
amartin@caffarelli.com
CAFFARELLI & ASSOCIATES LTD.
8 South Michigan Avenue, Suite 1200
Chicago, IL 60603
(312) 763-6880

*Attorneys for Plaintiff, Roger Matias*

4

**<u>Certificate of Service</u>**

I hereby certify that a true and accurate copy of the foregoing Motion has been

served by the Court's CM/ECF service to all counsel of record on May 26, 2026.

<u>/s/ Natalie M. LaRosa</u>
Natalie M. LaRosa